Arthur D. Brenhah, J.
This representative action was instituted on behalf of several plaintiffs in 1949 in which they sought to enjoin the defendants from violating the Zoning Ordinance of the defendant city in the utilization of certain property (owned by the defendant city and located on the easterly side of Central Avenue) for the purpose of a refuse dumping ground. At that time the subject property was located in a ‘ ‘ Residential District A second cause of action was alleged, based upon a claim of common-law nuisance, wherein the plaintiffs sought to enjoin the defendants from continuing the use of the subject property as a refuse dumping ground.
On the then application by the plaintiffs for an injunction pendente lite, the city defendant consented to the entry of an order, dated July 21, 1949, wherein the defendants were enjoined from placing any “live” garbage on the subject property but were permitted to deposit residual material thereon from incinerators, together with nonburnable and nonputrescible debris, provided the same were adequately covered with fill and taken care of in such a manner as to prevent the dispersal of any materials, odors or smoke therefrom. This order further provided, among other things, that the court should retain jurisdiction of the subject matter of the action and that any party could, at any time, apply for additional and further relief or direction as to the court may seem just and proper.
The plaintiffs now contend that the provisions of the aforesaid order have been violated and seek the permanent injunctive relief prayed for in the complaint as well as that provided for under those provisions of the aforesaid order permitting any party to apply for additional or further relief. This court has heard the testimony of the parties and upon consent of the parties, has inspected the subject property — such inspection having taken place on three occasions, one of which was in the *830 evening just after sundown, and during the daytime on the other occasions.
The evidence adduced in this case clearly shows that since approximately the year of 1952, there have been fires occurring on the subject property caused by burnable material placed thereon, that “live” garbage, old tires, paint cans, old furniture, tin cans (not incinerated), broken bottles and other like refuse have been deposited thereon. It has been established that rats, in abundance, exist on the property; that flies and mosquitos naturally accumulate and that obnoxious odors emanate therefrom.
During the course of the trial, remedial steps were taken by the present Commissioner of Public Works to correct, so far as possible, these objectionable features which were offensive to the plaintiffs, some of whom are owners of homes in a well-established and beautiful community of private residences, immediately adjoining the subject property to the east thereof. In this court’s opinion, these objectionable features have been remedied, in part, but not to such an extent as to alleviate the conditions which affect the use and enjoyment of the plaintiffs’ properties. As an example, the last inspection by this court was on August 11, 1954, whereupon it found that “live” garbage had been deposited on the subject premises, together with paint cans, broken bottles, food cans and other burnable material. In fact, at approximately noon of that day, a truck was permitted through the entrance, where two of the city’s attendants were stationed, which truck was permitted to and did deposit “ live ” garbage, paint cans, old rubber tires, food cans, used mills: containers and other burnable material. It is evident to this court that the situation is such that the city officials in charge cannot appropriately cope with the conditions which confront them, with the result that this court must act to protect the property owners in the vicinity of this refuse dump. The evidence in this case, as well as this court’s inspection, is clearly sufficient to warrant a finding that the operation carried on at the subject property constitutes a nuisance which interferes with the lawful use of the plaintiffs’ premises. Further, it clearly appears and this court finds that the subject property is operated as a refuse dumping ground, in violation of the Zoning Ordinance of the City of Yonkers.
Accordingly, judgment is granted in favor of the plaintiffs directing the defendants to cease and desist from using or operating the subject property as a refuse dumping ground and permanently enjoining and restraining the defendants, their officers, agents, servants, employees and all third parties or *831 persons acting with the consent or permission of said defendants, from dumping or depositing thereon any material of any kind or nature other than clean earth, rocks and stones.
The findings and conclusions stated in this memorandum shall constitute the decision of the court in this action. Submit decree in accordance herewith on 10 days’ notice.